IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WILLIAM KOCHER, JR. | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| EQUIFAX INFORMATION SERVICES | : | |
| LLC AND NORTHEAST CREDIT AND | : | |
| COLLECTION, INC. | : | |
| | : | |
| Defendants | : | NO: 2:15-CV-01952 |

**ANSWER OF COMMONWEALTH FINANCIAL
SYSTEMS, INC., INCORRECTLY NAMED AS
NORTHEAST CREDIT AND COLLECTION, INC.**

**PRELIMINARY STATEMENT**

In answering the Complaint, Commonwealth Financial Systems, Inc. ("Commonwealth") states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all defendants. Commonwealth denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

1.     Commonwealth denies that it violated the FCRA or the FDCPA, denies that the plaintiff was damaged by any action or inaction of Commonwealth, and denies that the plaintiff is entitled to any of the relief requested. Commonwealth is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph one (1) and, therefore, the allegations are denied and strict proof is demanded at the time of trial.

2.    The defendant, Commonwealth, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph two (2) and, therefore, same are denied and strict proof is demanded at the time of trial.

3.    The defendant, Commonwealth, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph three (3) and, therefore, same are denied and strict proof is demanded at the time of trial.

4.    The allegations of paragraph four (4) are specifically denied.  To the contrary, the correct defendant is Commonwealth Financial Systems, Inc. with place of business located at 237 Main Street, Dickson City, Pennsylvania 18519. Commonwealth denies the remaining allegations contained in paragraph four (4).

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

9.    The defendant, Commonwealth, is without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in paragraph nine (9) and, therefore, same are denied and strict proof is demanded at the time of trial.

10.    Denied.

11.    The defendant, Commonwealth, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph eleven (11) and, therefore, same are denied and strict proof is demanded at the time of trial.

12.    The defendant, Commonwealth, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twelve (12) and, therefore, same are denied and strict proof is demanded at the time of trial.

13.    The defendant, Commonwealth, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirteen (13) and, therefore, same are denied and strict proof is demanded at the time of trial.

14.    The defendant, Commonwealth, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph fourteen (14) and, therefore, same are denied and strict proof is demanded at the time of trial.

15.    Denied.

16.    Denied.

17.    The defendant, Commonwealth, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph seventeen (17) and, therefore, same are denied and strict proof is demanded at the time of trial.

18.    Denied.

19.    The defendant, Commonwealth, restates and incorporates by reference herein as though fully set forth at length its responses to paragraphs one (1) through eighteen (18), inclusive, of this answer as if fully set forth herein.

20-24.   The allegations of paragraphs twenty (20) through twenty-four (24) pertain to a defendant other than Commonwealth and, therefore, no answer is required by Commonwealth.

25.    The defendant, Commonwealth, restates and incorporates by reference herein as though fully set forth at length its responses to paragraphs one (1) through twenty-four (24), inclusive, of this answer as if fully set forth herein.

26.    The allegations of paragraph twenty-six (26) state a conclusion of law which requires no answer.

27.    The allegations of paragraph twenty-seven (27) state a conclusion of law which requires no answer.

28.     Denied.

29.     The defendant, Commonwealth, restates and incorporates by reference herein as though fully set forth at length its responses to paragraphs one (1) through twenty-eight (28), inclusive, of this answer as if fully set forth herein.

30-32.   The allegations of paragraphs thirty (30) through thirty-two (32), inclusive, state conclusions of law which require no answer.

33.     Denied.

34.     Denied.

35.     Denied.

36.     No answer required.

WHEREFORE, the answering defendant, Commonwealth, demands the Complaint of the Plaintiff be dismissed.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Commonwealth upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all pertinent times, Commonwealth maintained reasonable procedures to assure maximum possible accuracy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by Commonwealth, but by another person or entity for whom and for which Commonwealth is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Commonwealth has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times herein, the plaintiff's alleged damages, which Commonwealth denies exist, were aggravated by the failure of the plaintiff to use reasonable diligence to mitigate the same.   Therefore, plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet the requirements in order to recover punitive or statutory damages.

## SEVENTH AFFIRMATIVE DEFENSE

Commonwealth adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  BMW vs. Gore, 517 U.S. 559 (1996); Cooper Industries, Inc. vs. Leatherman Tool Group, Inc., 532 U.S. 923 (2001); State Farm vs.

<u>Campbell</u>, 538 U.S. 408 (2003); and <u>Safeco Insurance Company of America vs. Burr</u>, 551 U.S. 47 (2007).

## <u>EIGHT AFFIRMATIVE DEFENSE</u>

Commonwealth asserts improper venue as a defense and reserves the right to seek a transfer of venue.

## <u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims in whole or in part may be barred by the applicable statutes of limitations.

Commonwealth reserves the right to add additional defenses that it learns through the course of discovery.

WHEREFORE, defendant, Commonwealth, demands that the Complaint of the Plaintiff be dismissed, with all costs taxed against plaintiff; Commonwealth be dismissed as a party to this action; Commonwealth receive a trial by jury for all issues so trialable; Commonwealth recover such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

By:    /s/ Edwin A. Abrahamsen, Jr.
Edwin A. Abrahamsen, Jr. Esquire
Attorney ID Number 92851
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA 18505
(570) 348-0200
cabrahamsen@law-aca.com